The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
 You have requested my opinion concerning a vacancy in an alderman position. It is my understanding that the city in question is a city of the second class. Your questions are:
 (1) Can an alderman who was appointed to fill and complete the term of an elected alderman, which would have ended in December, 2002, continue to serve after the expiration of that term, provided that no qualified elector, including the present alderman, filed for election?
 (2) Is an Alderman who was appointed to fill the vacancy created by the resignation of an Alderman who had previously been elected and whose term ended in December of 2002 but remained in office because no qualified elector filed for the position valid?
RESPONSE
Question 1 — Can an alderman who was appointed to fill and complete theterm of an elected alderman, which would have ended in December, 2002,continue to serve after the expiration of that term, provided that noqualified elector, including the present alderman, filed for election?
It is my opinion that the appointed alderman can continue to serve. This issue is governed by Article 19, § 5 of the Arkansas Constitution, which states:
5. Officers — Holding over.
 All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified.
Ark. Const., Art. 19, § 5.
The Arkansas Supreme Court has explicitly recognized that this constitutional provision applies to city aldermen. See Phillips v.Earngey, 321 Ark. 476, 481, 902 S.W.2d 782, 785 (1995). The court has also held that Article 19, § 5 applies to appointees who are appointed to fill vacancies in elective positions. See McCraw v. Pate, 254 Ark. 357,494 S.W.2d 94 (1973).
Thus, when the alderman in question completed the term of the position to which he was appointed, and no qualified elector filed for election to that position, the appointed alderman was entitled under the provisions of Article 19, § 5 to hold over in the position.
Question 2 — Is an Alderman who was appointed to fill the vacancy createdby the resignation of an Alderman who had previously been elected andwhose term ended in December of 2002 but remained in office because noqualified elector filed for the position valid?
It is my understanding that this question envisions a situation in which an elected alderman holds over after the expiration of the term to which he was elected, and then later resigns during his hold-over period. Your question is whether an appointment to fill that position is valid.
When the hold-over alderman resigned during his hold-over period, a vacancy in his position was created. The situation was thus one that is governed by A.C.A. § 14-44-104, which states:
 Whenever a vacancy shall occur in the office of alderman in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of the council, an alderman to serve for the unexpired term.
A.C.A. § 14-44-104.
If the city council followed the above procedure in filling the vacancy that occurred as a result of the hold-over alderman's resignation, the appointment was valid.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General